# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

ASHLEY LYNN KING,      )
     )
     Plaintiff,      )
     )
v.      )      No.:      3:24-CV-352-TAV-DCP
     )
SEATON ANDREW KREYER,      )
     )
     Defendant.      )

## <u>ORDER TRANSFERRING ACTION</u>

On August 30, 2024, defendant filed a notice of removal seeking to remove an action pending in the Circuit Court of Maryland for Worcester County to this Court "pursuant to 28 U.S.C. §§ 1332, 1441, and 1446" [Doc. 1, p. 1]. Section 1441 permits a defendant to remove a civil action from a state court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court, however, does not "embrace" Worcester County, Maryland. *See* 28 U.S.C. § 1441(a).

On October 1, the Court ordered defendant to show cause as to why it "should not remand this action to the Circuit Court of Maryland for Worcester County" [*See* Doc. 9]. The Court ordered defendant to respond by October 10 [*Id.* at 2]. Defendant has not responded to the Court's order, and the deadline has passed. Instead, defendant filed a second motion for leave to proceed *in forma pauperis* [Doc. 10], which does not address the Court's order regarding § 1441.

When a case is brought in the wrong district or division, 28 U.S.C. § 1406(a) permits

a district court to "transfer such case to any district or division in which it could have been brought" "if it be in the interest of justice." *See* 28 U.S.C. § 1406(a). In *S.W.S. Erectors, Inc. v. Infax, Inc.*, the United States Court of Appeals for the Fifth Circuit analyzed the proper remedy when a defendant removes a case from state court to a federal district court that is the wrong venue. 72 F.3d 489, 493 n.3 (5th Cir. 1996). The Fifth Circuit concluded that "when a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." *Id.* The Fifth Circuit noted that "transferring the case would have been the most judicially conservative means of handing the case." *See id.*

Here, defendant removed this action to the wrong district. The proper venue is the United States District Court for the District of Maryland. Accordingly, in the interest of justice and to preserve any removal right defendant may have, the Court **DIRECTS** the Clerk to transfer this action to the United States District Court for the District of Maryland and close the action in this Court. *See* 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE